UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF FLORIDA
CASE NO.:

MARCOS COTAYO,

    Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,
a Foreign Profit Corporation

    Defendant.
_____/

## COMPLAINT

Plaintiff, MARCOS COTAYO ("COTAYO" or Plaintiff), by and through his undersigned counsel, hereby files this Complaint against Defendant, FEDERAL EXPRESS CORPORATION (hereinafter "FedEx" or "Defendant") and says:

## JURISDICTION AND VENUE

1. This action is brought against Defendant for its unlawful employment practices pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"), § 706(f) (42 U.S.C. § 2000e-5(f)), which incorporates by reference the Civil Rights Act of 1964 codified at 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, and 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

**PARTIES**

5. Plaintiff is a resident of Broward County, Florida, over the age of 18 years and otherwise *suis juris*.

6. Plaintiff is a Latino male who complained about harassment and hostile work environment on the basis of his race and/or national origin. Plaintiff is therefore a member of a class protected under the Title VII and the FCRA because the terms, conditions, and privileges of his employment were altered because of his race and/or national origin as Latino and in retaliation for complaints he made.

7. Defendant FedEx is a Foreign Profit Corporation registered to do business within Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

10. Plaintiff filed his charge on or about July 30, 2019, which was no more than 300 days after the last discriminatory event occurred, to wit: April 17, 2019.

11. Plaintiff was issued a Notice of Right to Sue on February 12, 2020. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

## GENERAL ALLEGATIONS

12. Plaintiff worked for Defendant from on or about November 20, 2018 until his termination on or about April 17, 2019.

13. During Plaintiff's employment with Defendant, most if not all, of Plaintiff's co-workers were African Americans, including Travis Bryant.

14. Both Mr. Bryant and Plaintiff worked on loading and unloading packages at the FedEx Ship Center, and they were often scheduled to work together.

15. On multiple occasions, Mr. Bryant harassed and threated Plaintiff's safety at work, because Plaintiff is Latino instead of African American.

16. Mr. Bryant disrespected Plaintiff and called Plaintiff offensive names in front of other co-workers, such as "lazy ass worker."

17. Mr. Bryant also mentioned threateningly to Plaintiff that he was a convicted felon and he kept a gun under his wife's name in his car.

18. Due to Mr. Bryant's daily threatening harassment, Plaintiff felt very unsafe working with Mr. Bryant.

19. Plaintiff verbally complained to Tina about the daily harassment from which he was suffering, after which Tina, together with other managers, separated Mr. Bryant and Plaintiff at night. However, Mr. Bryant and Plaintiff were still scheduled to work the same shift and required to utilize the same parking lot, which constantly exposed Plaintiff to Mr. Bryant's harassment and threat.

20. On or about March 22, 2019, Plaintiff submitted a written complaint about the harassment and hostile work environment from which he was suffering, with a sincere hope to resolve the issues and keep doing his job without having to worrying about his safety every day.

21. Defendant failed to take any action, so Plaintiff had no choice but to miss his scheduled shift on April 2, 2019 in order to avoid working with Mr. Bryant and therefore avoid Mr. Bryant's harassment and threat.

22. Plaintiff immediately received warning letters for Failure to Work as Directed.

23. Defendant never addressed Plaintiff's complaint about harassment and hostile work environment but decided to investigate Plaintiff's involuntary absence, placing him on suspension on April 5, 2019.

24. As a result of Plaintiff's complaints, Defendant issued multiple written warnings to Plaintiff and eventually terminated Plaintiff on or about April 17, 2020.

25. Plaintiff was advised that he was terminated because he had received three written warnings within the past twelve months, which is pretextual.

26. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's race and/or national origin were, at minimum, a motivating factor in Defendant's decision for his termination[1].

27. Prior to his complaints about harassment and hostile work environment, Plaintiff was unaware of any performance deficiencies and he had not been previously disciplined.

28. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

29. Plaintiff is entitled to her reasonable attorneys' fees and costs if he is the prevailing party in this action.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

## COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (HOSTILE WORK ENVIRONMENT)

30. Plaintiff re-alleges and re-avers paragraphs 1 – 29 as fully set forth herein.

31. Plaintiff brings this action under the Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the harassment Mr. Bryant inflicted on Plaintiff on the basis of Plaintiff's race and/or national origin.

32. Plaintiff is a member of a protected class, to wit, Latino.

33. Mr. Bryant frequently made offensive comments about Plaintiff and threatened Plaintiff's safety because Plaintiff is Latino instead of African American.

34. Plaintiff complained about Mr. Bryant's harassment but no meaningful action was taken on behalf of Defendant to resolve the issue. Mr. Bryant's harassment was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Mr. Bryant's conduct was severe and pervasive from both a subjective and objective perspective.

35. Mr. Bryant acted with intentional disregard for Plaintiff's rights as a Latino and a person protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Mr. Bryant, and/or other employees.

36. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII as a direct result of Defendant's discriminatory actions.

37. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights

Act of 1964. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MARCOS COTAYO requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to the statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (RETALIATION)

38. Plaintiff re-alleges and re-avers paragraphs 1 – 29 as fully set forth herein.

39. Plaintiff brings this action for retaliation in violation of Title VII.

40. Plaintiff had been experiencing harassment and threat to his own safety from Mr. Bryant on a daily basis because Plaintiff is Latino instead of African American.

41. Plaintiff complained to Defendant multiple times that he did not feel safe working with Mr. Bryant, but Defendant never properly addressed Plaintiff's complaints, which caused

Plaintiff to miss his scheduled shift to avoid Mr. Bryant's harassment and threat to ensure Plaintiff's safety.

42. Instead of investigating Plaintiff's complaints about harassment and hostile work environment because he is Latino instead of African American, Defendant decided to investigate Plaintiff's involuntary absence and suspended him.

43. As a result of Plaintiff's complaints, Defendant issued multiple written warnings to Plaintiff, and eventually terminated him on or about April 17, 2019.

44. Plaintiff was advised that he was terminated because he had received three written warnings within the past twelve months, which is pretextual.

45. Plaintiff's termination constitutes an adverse employment action under Title VII.

46. Defendant's actions were done with malice, and with disregard for Plaintiff's rights under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Mr. Bryant and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MARCOS COTAYO requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not

   been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

  c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

  d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT III: VIOLATION OF FCRA
### (HOSTILE WORK ENVIRONMENT)

47. Plaintiff re-alleges and re-avers paragraphs 1 – 29 as fully set forth herein.

48. Plaintiff brings this action under the FCRA for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the harassment Mr. Bryant inflicted on Plaintiff.

49. Plaintiff is a member of a protected class, to wit, Latino.

50. Mr. Bryant frequently made offensive comments about Plaintiff and threatened Plaintiff's safety because Plaintiff is Latino instead of African American.

51. Plaintiff complained about Mr. Bryant's harassment but no meaningful action was taken on behalf of Defendant to resolve the issue. Mr. Bryant's harassment was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Mr. Bryant's conduct was severe and pervasive from both a subjective and objective perspective.

52. Mr. Bryant acted with intentional disregard for Plaintiff's rights as a Latino and a person protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Mr. Bryant, and/or other employees.

53. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA as a direct result of Defendant's discriminatory actions.

54. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of Mr. Bryant and/or its other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MARCOS COTAYO requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to the applicable statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV: VIOLATION OF FCRA
## (RETALIATION)

55. Plaintiff re-alleges and re-avers paragraphs 1 – 29 as fully set forth herein.

56. Plaintiff brings this claim for retaliation in violation of FCRA.

57. Plaintiff had been experiencing harassment and threat to his own safety from Mr. Bryant on a daily basis because Plaintiff is Latino instead of African American.

58. Plaintiff complained to Defendant multiple times that he did not feel safe working with Mr. Bryant, but Defendant never properly addressed Plaintiff's complaints, which caused Plaintiff to miss his scheduled shift on April 2, 2019 to avoid Mr. Bryant's harassment and threat.

59. Instead of investigating Plaintiff's complaints about harassment and hostile work environment because he is Latino instead of African American, Defendant decided to investigate Plaintiff's involuntary absence and suspended Plaintiff on April 5, 2019.

60. As a result of Plaintiff's complaints, Defendant issued multiple written warnings to Plaintiff and eventually terminated him on April 17, 2019.

61. Plaintiff was advised that he was terminated because he had received three written warnings within the past twelve months, which is pretextual.

62. Plaintiff's termination constitutes an adverse employment action under FCRA.

63. Defendant's actions were done with malice, and with disregard for Plaintiff's rights protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Mr. Bryant and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MARCOS COTAYO requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to the applicable statute; and

c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff MARCOS COTAYO hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: May 7, 2020

> LAW OFFICES OF CHARLES EISS, P.L.
> Attorneys for Plaintiff
> 7951 SW 6th Street, Suite 112
> Plantation, Florida 33324
> (954) 914-7890 (Office)
> (855) 423-5298 (Facsimile)
>
> By:   /s/ Charles M. Eiss
>       CHARLES M. EISS, Esq.
>       Fla. Bar #612073
>       chuck@icelawfirm.com
>       TIEXIN YANG, Esq.
>       Fla. Bar #1010651
>       tiexin@icelawfirm.com