UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60919-SMITH/VALLE

MARCOS COTAYO,

    Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

THIS MATTER is before the Court upon Defendant Federal Express Corporation's Motion for Bill of Costs (the "Motion") (ECF Nos. 63, 63-1). United States District Judge Rodney Smith has referred the Motion to the undersigned for appropriate disposition. *See* (ECF No. 11 at 2). Accordingly, having reviewed the Motion, Plaintiff's Response (ECF No. 66), and being fully advised on the matter, the undersigned respectfully recommends that the Motion be **GRANTED IN PART AND DENIED IN PART** and that Defendant be awarded **$3,778.10** in costs.

**I.      BACKGROUND**

In May 2020, Plaintiff Marcos Cotayo filed a Complaint against Defendant, his former employer, alleging unlawful employment practices under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. *See generally* (ECF No. 1). After two years of pretrial litigation, the Court granted Defendant's Motion for Summary Judgment and entered Final Judgment in favor of Defendant and against Plaintiff. (ECF Nos. 61, 62). The instant Motion followed.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002).

A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-CV-61514, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011).  Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  The items that may be taxed as costs under § 1920 include: (i) fees of the clerk and marshal; (ii) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (iii) fees and disbursements for printing and witnesses; (iv) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (v) docket fees under § 1923 of this title; and (vi) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under §1828 of this title.  28 U.S.C. § 1920.

Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course" and "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (citations omitted).  Nonetheless, the

prevailing party must submit a request for costs that allows the Court to determine what costs were incurred and whether the prevailing party is entitled to them. *Ferguson v. N. Broward Hosp. Dist.*, No. 10-CV-61606, 2011 WL 3583754, at *3 (S.D. Fla. Aug. 15, 2011) (citation omitted); *see also* S.D. Fla. L.R. 7.3(c) (noting "[t]he bill of costs shall attach copies of any documentation showing the amount of costs and shall be supported by a memorandum."). The Court has the discretion to award those costs specifically enumerated in § 1920, but the Court may not tax as costs any items not authorized by the statute. *See, e.g., Crawford,* 482 U.S. at 441-42. Lastly, although the Court has discretion in determining whether to award costs to a prevailing party, the Court must give a reason for denying costs. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

### III.   DISCUSSION

As the prevailing party in the litigation, Defendant seeks to recover $6,680.54 in fees for 13 printed or electronically recorded transcripts, which it claims were "necessarily obtained for use in the case."[1] (ECF No. 63 at 1). Although Plaintiff does not dispute that Defendant is the prevailing party, *see* (ECF No. 66 at 1), Plaintiff argues that Defendant is not entitled to recover the cost for: (i) transcribing Defendant's pre-litigation audio-taped investigatory interviews of six witnesses; (ii) deposition transcripts, except those of Plaintiff and his wife, Vilma Talavera; and (iii) the video of Plaintiff's deposition.[2] *Id*. at 2-3. Plaintiff's objections are addressed below.

---

[1] Defendant seeks to recover transcription costs for pre-litigation interviews and/or deposition testimony of the following witnesses: (i) Plaintiff; (ii) Andrew Richie; (iii) Julio Hernandez; (iv) Roishonnya Joseph; (v) Derick McCall; (vi) Roland Einfalt; (vii) Travis Bryant; (viii) Maurice Whitset; (ix) Vilma Talavera; (x) Joseph Reitano; (xi) Bruce Moore; (xii) Ricardo Bermudez; and (xiii) Michael Pond. *See* (ECF No. 63-2 at 2-4).

[2] Several of the witnesses' names were spelled inconsistently throughout the record. For consistency, the undersigned uses the spellings in sections "A," "B," and "C" of Defendant's Statement of Material Facts. *See* (ECF No. 40 at 1-6).

3

### A. Cost of Transcripts for Pre-litigation Interviews

Defendant seeks to tax the costs associated with transcribing its pre-litigation audiotaped interviews of eight witnesses: Plaintiff, Maurice Whitset, Andrew Richie, Julio Hernandez, Roishonnya Joseph, Derick McCall, Roland Einfalt, and Travis Bryant. *See generally* (ECF Nos. 63-1, 63-2). Plaintiff objects to these costs, arguing that costs incurred as part of Defendant's internal pre-suit investigation are not properly recoverable under § 1920 and that, except for Plaintiff and Whitset, Defendant did not utilize the interview transcripts in connection with the summary judgment motion. (ECF No. 66 at 1). The undersigned agrees that the cost for all but Plaintiff's and Whitset's interview transcripts is not recoverable, for the reasons discussed below.

As to Richie, Hernandez, Joseph, McCall, Einfalt, and Bryant, Defendant did not adequately identify these witnesses or explain the necessity of the transcripts for use in the case. *See generally* (ECF Nos. 63, 63-1). This failure alone provides grounds to deny these costs. *See Maier v. City of Fort Lauderdale*, No. 20-CV-61544, 2022 WL 1105797, at *5 (S.D. Fla. Mar. 18, 2022) (denying copying costs because Defendant failed to explain the necessity of the copies for use in the case). Nonetheless, the undersigned reviewed the parties' witness lists and summary judgment filings to understand the role these witnesses played in the case and the necessity of their transcripts for use in the case. *See* (ECF Nos. 19, 20, 39, 40, 43, 44, 45). For example, in its Statement of Material Facts in support of its Motion for Summary Judgment, Defendant explains that it interviewed these witnesses in March 2019, as part of its pre-suit investigation into Plaintiff's complaints. (ECF No. 40 at 4). In the Statement of Material Facts, Defendant cited to Plaintiff's deposition (ECF 40-1), a declaration by Marcus Calcado (ECF No. 40-3), Plaintiff's transcribed interview (ECF No. 40-6), and Whitset's transcribed interview (ECF No. 40-7). Notably, however, neither Defendant nor Plaintiff used the interview transcripts of Richie,

Hernandez, Joseph, McCall, Einfalt, or Bryant in connection with the summary judgment motion or response in opposition. *See generally* (ECF Nos. 39, 40, 43, 44, 45). Moreover, while use of transcripts in connection with summary judgment is not a pre-requisite to finding that the transcripts were necessarily obtained for use in the case,[3] Defendant offers no explanation as to how these transcripts were necessary for use in the case. Lastly, only one of these witnesses, Travis Bryant, appeared on Defendant's witness list, and Plaintiff generally lists him as a witness by incorporating "[a]ny and all witnesses identified by Defendant." *See* (ECF Nos. 19, 20). While Bryant was an important individual in the dispute, as evidenced by the parties' extensive discussion of his alleged actions in their summary judgment filings, neither Plaintiff nor Defendant used his interview transcript, and Defendant failed to explain the transcript's necessity for use in the case. Against this background, the undersigned concludes that these six transcripts were not necessarily obtained for use in the case, but rather for convenience and thorough preparation, and should therefore not be taxed as costs. *See U.S. EEOC v. W&O Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) ("[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable") (citation omitted). Accordingly, the cost of transcripts for these six witnesses should be denied.

Plaintiff, however, does not object to Defendant's request to tax transcript costs for Plaintiff's and Whitset's pre-suit interviews. *See* (ECF No. 66 at 1). As to Plaintiff, Defendant seeks to recover $356.40 for the cost of the November 2020 interview transcript. (ECF No. 63-2 at 12). Given Plaintiff's lack of opposition and Defendant's use of Plaintiff's interview in support of its Motion for Summary Judgment, *see generally* (ECF No. 40-6), the Court recommends that Defendant recover the cost of this interview transcript. As to Whitset, the undersigned similarly

---

[3] *See* discussion *infra,* Section III.B.

recommends that the transcription cost of $267.30 be permitted. (ECF No. 63-2 at 13). However, several unexplained additional costs, such as "takedown fee" and "binding/handling" fee, should be disallowed. *Katz v. Chevaldina,* 127 F. Supp. 3d 1285, 1293 (S.D. Fla. Aug. 17, 2015) (denying costs for extraneous charges where litigant failed to provide a basis that they were taxable). Accordingly, Defendant should recover a total of $623.70 for the cost of the two interview transcripts.

### B. Deposition Transcripts

*1. Michael Pond, Bruce Moore, Ricardo Bermudez, Joseph Reitano, and Travis Bryant*

Defendant also seeks to tax costs associated with the depositions of Michael Pond, Bruce Moore, Ricardo Bermudez, Joseph Reitano, and Travis Bryant.[4] (ECF No. 63-2 at 20-23). Plaintiff objects to these costs, arguing that the transcripts were not necessarily obtained for use in the case in that Defendant did not use these transcripts in support of its Motion for Summary Judgment. (ECF No. 66 at 2). Although Plaintiff is factually correct that Defendant did not use these in its motion for summary judgment, there are other reasons that can lead a court to conclude that a deposition transcript was necessarily obtained for use in the case. *See Henderson v. Home Depot U.S.A., Inc.*, No. 8:04-cv-2382-T-24TGW, 2006 WL 4978430, at *3 (M.D. Fla. July 6, 2006) (citation omitted) (noting that use of a deposition in support of a summary judgment motion or at trial is not a prerequisite for finding necessity). For example, the cost of deposition transcripts can be taxed when *opposing counsel* relies upon the transcript, or when the deposed witness

---

[4] In the Motion, Defendant specifically requests transcript and related costs for the depositions of these witnesses. *See* (ECF No. 63-2 at 3-4). Defendant, however, does not request the costs associated with Tina Tagliavia's deposition. *Compare* (ECF No. 63-2 at 3-4), *with* (ECF No. 63-2 at 22). Accordingly, although Tagliavia's deposition is attached in Plaintiff's Response to Defendant's Statement of Undisputed Material Facts, (ECF No. 44-5), all costs associated with the deposition of Ms. Tagliavia should be denied.

appears on the *losing party's witness list*. *U.S. EEOC*, 213 F.3d at 621; *see also Johnson v. Cumberland Gulf Grp. of Cos.*, No. 6:17-cv-788-Orl-41KRS, 2019 WL 11502526, at *6 (M.D. Fla. Jan. 23, 2019).

Here, Bruce Moore, Ricardo Bermudez, and Travis Bryant were named as witnesses by both Plaintiff and Defendant, with Plaintiff incorporating Bryant by reference in his witness list. *See* (ECF Nos. 19 at 1, 20 at 2-3). Thus, it was reasonable for Defendant to take their depositions. *See Maris Distrib. Co.*, 302 F.3d at 1225 (finding that taxation of deposition costs for witnesses on the losing party's witness list was reasonable). Furthermore, Plaintiff attached the depositions of Moore, Pond, and Bermudez to its Response to Defendant's Statement of Undisputed Material Facts. *See* (ECF Nos. 44, 44-7, 44-9, 44-10). Accordingly, Defendant should recover the costs of the deposition transcripts for these witnesses, totaling $837. *See U.S. EEOC*, 213 F.3d at 621.

Although Defendant should recover the transcript costs for these four witnesses, additional unexplained costs for "deposition technology packages," "condensed transcripts," "production and archival," "scheduling administration fees," and "exhibits" should be denied. *See* (ECF No. 63-2 at 21-23). Furthermore, Defendant offers no explanation why these extraneous expenses should be taxed. *See generally* (ECF No. 63-1); *see also Katz*, 127 F. Supp. 3d at 1292-93 . Thus, these miscellaneous additional costs should be disallowed.

Next, as to the cost for the deposition transcript of Joseph Reitano, the undersigned reaches a different conclusion. Mr. Reitano, unlike the four witnesses discussed above, is not listed on the parties' respective witness lists, and neither party relied on his deposition transcript in their briefs on summary judgment. *See generally* (ECF Nos. 19, 20, 39, 40, 43, 44, 45). Additionally, Defendant fails to explain why Mr. Reitano's deposition transcript was necessarily obtained for

use in the case. *See generally* (ECF No. 63-1). Accordingly, taxation of all costs associated with the deposition of Mr. Reitano should be denied.

    *2. Plaintiff and Vilma Talavera*

Lastly, Defendant seeks to tax the costs associated with Plaintiff's and Vilma Talavera's deposition. (ECF No. 63-2 at 14-18). Depositions of the losing party are deemed to be "necessarily obtained for use in the case" and are taxable. *Transatlantic Lines, LLC v. Portus Stevedoring LLC*, No. 14-CV-60528, 2016 WL 11547976, at *5 (S.D. Fla. Jan. 13, 2016); *Berbridge v. Sam's E., Inc.*, No. 16-CV-62681, 2017 WL 4938820, at *3 (S.D. Fla. Nov. 1, 2017). Although Plaintiff does not challenge Defendant's right to recover the costs for Plaintiff's and Ms. Talavera's deposition transcripts, Plaintiff objects to additional costs incurred for a video of Plaintiff's deposition. (ECF No. 66 at 2-3).

The undersigned finds that the costs for Plaintiff's and Ms. Talavera's transcripts are taxable, as are associated and necessary court reporter attendance fees. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013) (finding court reporter appearance fees are properly taxable as costs). Nonetheless, for the same reasons as previously discussed, additional unexplained charges incurred in connection with these depositions should not be recoverable, including, for example, fees for: (i) Ms. Talavera for "writing time" and "[c]ondensed, ASCII, PDF & Binding/Handling"; (ii) Plaintiff for "[c]ondensed, ASCII, PDF & Binding/Handling," "[e]xhibits scanned and linked"; and "shipping and handling." (ECF No. 63-2 at 14-18). Accordingly, as to Plaintiff's depositions of November 2020 and March 2021, Defendant should recover $1,661.90 for the deposition transcripts and $350 for necessary court reporter attendance fees. As to Ms. Talavera's deposition costs, Defendant should recover $175.50

for the cost of the deposition transcript, and $130 for court reporter attendance fees. In total, Defendant should recover $2,317.40 for Plaintiff's and Ms. Talavera's deposition costs.

As to video deposition costs, the Eleventh Circuit has held that "when a party notices a deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chems.,* 97 F.3d 460, 465 (11th Cir. 1996). Nonetheless, the party seeking reimbursement must demonstrate that both the video and the transcript of the depositions were necessary. *See Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, No. 07-CV-60654, 2009 WL 1210998, *3 (S.D. Fla. May 1, 2009) (denying duplicative video deposition costs where the prevailing party failed to show why it was necessary to obtain both videotaped and transcribed depositions). Here, Defendant has not explained why both methods were necessary. *See generally* ECF No. 63-1). Therefore, the undersigned recommends that all costs related to the video deposition, totaling $375, be denied. (ECF 63-2 at 15).

## IV.     RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends that Defendant's Motion for Bill of Costs be **GRANTED IN PART AND DENIED IN PART**, as set forth below. Specifically, Defendant should be awarded total costs of **$3,778.10**, consisting of:

(i) $623.70 in prelitigation interview transcripts for Plaintiff ($356.40) and Whitset ($267.30); and

(ii) $2,674.40 in deposition transcripts for the following witnesses: Plaintiff ($1,661.90), Talavera ($175.50), Moore ($222.95), Pond ($200), Bermudez ($241.15), and Bryant ($172.90);

(iii) $480 for court reporter fees for Plaintiff ($350) and Talavera ($130).

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on September 16, 2022.

*[signature]*

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
All Counsel of record